T.C. Memo. 2007-183

UNITED STATES TAX COURT

ROY W. AND SHARON P. OSWANDEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23622-04.          Filed July 12, 2007.

Roy W. Oswandel, pro se.

<u>Patricia A. Komor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to redetermine respondent's determination of deficiencies of $13,780 and $15,812 in their 2000 and 2001 Federal income taxes, respectively, and section 6662(a) accuracy-related penalties of

$2,756 and $3,162.40, respectively.[1]  After concessions by the parties, we decide whether petitioners substantiated their deductions for self-employment expenses, personal property tax, student loan interest, noncash charitable contributions, job-related mileage, and tuition.  We hold they did not.  We also decide whether petitioners are liable for accuracy-related penalties determined by respondent under section 6662(a).  We hold they are.

                          FINDINGS OF FACT

     Some facts are stipulated and are so found.  The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.  Petitioners are husband and wife, and they filed joint 2000 and 2001 Federal income tax returns.  They resided in Colorado Springs, Colorado, when they filed their petition with the Court.

     During 2000 and 2001, Roy Oswandel (petitioner) worked full time for the U.S. Postal Service.  In 2001, he also worked part time for two other employers, neither of which was a church.

     Petitioner is an ordained minister and before the years in issue worked in the military as a chaplain.  After leaving the military, he continued to perform ministerial duties.  These duties included officiating weddings, holding retreats, and

---

[1] Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

visiting the sick.  Petitioner does not accept compensation for his ministerial duties, except for $10 per year, which he does not report as income.[2]  For 2000 and 2001, petitioners included with their Federal income tax returns a Schedule C, Profit or Loss From Business, that reported that petitioner was a self-employed minister of the Gospel.  During 2000 and 2001, petitioners' Federal income tax returns reported no income from petitioner's ministerial activities.

For each of the years 2000 and 2001, petitioners claimed $33,547 of Schedule C deductions for petitioner's ministerial activities.  Those deductions consisted of $30,752 for mileage, $945 for nonovernight travel expenses, $600 for meals, and $1,250 for overnight travel expenses.  Petitioner's 2000 and 2001 Federal income tax returns also claimed on Schedule A, Itemized Deductions, deductions for personal property tax, student loan interest, noncash charitable contributions, tuition, and job-related mileage.  During respondent's audit of petitioners' 2000 and 2001 Federal income tax returns, petitioners did not meet with respondent's revenue agent and did not substantiate any of the deductions.  Petitioners informed the revenue agent by a letter that they had no substantiation for 2000 and 2001 because their records had been stolen from a storage facility.  Petitioners enclosed with the letter (1) an unsigned, undated,

---

[2] The record does not reveal who pays the $10 to petitioner.

handwritten letter from the Colorado Springs police department stating that "several burglaries to storage units" had occurred and "at least three units were burglarized" and (2) an unsigned, undated, typed letter from the storage facility stating that petitioners' storage unit was one of several storage units subject to "vandalism and theft".  The El Paso County Sheriff's office investigated the burglaries and prepared a report listing the storage units that had been burglarized.[3]  That report does not list petitioners' storage unit among those burglarized.

When this case was tried in part on October 26, 2005, respondent's counsel proffered to the Court and to petitioners that petitioner would have had to drive approximately 100,000 miles to receive a mileage deduction of $30,752.  Subsequently, petitioner asserted that his business miles during the subject years were as follows:  5,280 miles for commuting to his part-time jobs in each of 2000 and 2001; 28,600 miles and 31,900 miles for job searching in 2000 and 2001, respectively; 7,000 miles and 8,000 miles for church-related visits in 2000 and 2001, respectively; and 6,800 miles for graduate studies in 2001.

Also at trial on October 26, 2005, the Court ordered the parties to attempt to determine the allowable deductions among themselves.  Subsequently, petitioners met with one of respondent's tax compliance officers, Anthony Atkinson

---

[3] Colorado Springs is located in El Paso County.

(Atkinson). Petitioners never gave Atkinson any books or records to substantiate petitioners' claimed deductions for petitioner's ministerial activities, tuition, mileage, student loan interest, personal property tax, or noncash charitable contributions.

When the trial of this case was resumed and concluded on September 11, 2006, petitioners introduced (and the Court admitted) into evidence 262 pages of documents to substantiate their claimed deductions. The documents included: (1) Petitioner's American Express credit card statement listing purchases of airline tickets, train tickets, and lodging in various cities in the amount of $1,857 (attached to the credit card statement is a handwritten breakdown of estimated mileage driven in connection with petitioner's part-time jobs, ministerial activities, and job searching); (2) an insurance policy statement listing five cars covered under the policy; (3) a Colorado vehicle registration/tax ownership receipt listing the purchase date, purchase price, and taxable value of a car; (4) a car payment history for a vehicle that petitioner has marked as sold in February 2000; (5) handwritten notes listing petitioner's various destinations for his ministerial activities; and (6) an account payment statement from Sallie Mae for student loan payments from 2002 to 2005. Petitioners rely upon the credit card statement and the handwritten destination list as substantiation for some of the deductions claimed for

petitioner's ministerial activities. Petitioners provided the car insurance policy statement, Colorado vehicle registration/tax ownership receipt, and car payment history to substantiate their deduction for the payment of personal property taxes.

OPINION

The burden of proof is on petitioners to show that respondent's determinations set forth in the notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's proper tax liability, section 7491(a)(1) places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). For the burden to shift to the Commissioner, the taxpayer must comply with the substantiation and recordkeeping requirements of the Internal Revenue Code (Code). Sec. 7491(a)(2)(A) and (B). In addition, section 7491(a)(2) requires that the taxpayer cooperate with reasonable requests by the Commissioner for "witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2)(B). We conclude that the burden of proof has not shifted to respondent with respect to any of the issues in this case. To this end, we find that petitioners failed to cooperate with respondent during the audit of their 2000 and 2001 Federal income tax returns. We

also find that petitioners failed to comply with substantiation requirements of the Code.

Deductions are strictly a matter of legislative grace, and petitioners must show that their claimed deductions are allowed by the Code. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. Petitioners must keep sufficient records to substantiate any deduction that would otherwise be allowed by the Code. Sec. 6001; New Colonial Ice Co. v. Helvering, supra at 440. In the case of meals and traveling expenses, section 274(d) disallows deductions for those expenses, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Section 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985) states that if an individual taxpayer can establish that his or her failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer may substantiate a deduction by reasonable reconstruction of his or her expenditures. Under these regulations, therefore, a taxpayer may be deemed to meet the requirements of section 274(d) if he or she establishes the occurrence of a casualty causing the loss of

records and has adequately reconstructed the expenditures.  Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., supra.

Petitioners claimed Schedule C business expenses of $33,547 for each of the years 2000 and 2001.  Section 162 provides for deduction of all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  For petitioner's ministerial activity to qualify as a trade or business, his dominant or primary objective of the venture must be to earn a profit.  Hildebrand v. Commissioner, 28 F.3d 1024, 1027 (10th Cir. 1994), affg. Krause v. Commissioner, 99 T.C. 132 (1992).  Petitioners offered no evidence to establish a profit motive for petitioner's ministerial activities.  To the contrary, petitioner admits that he receives no compensation for his ministerial services, yet incurs substantial expenses for those services.  On these facts, we conclude that petitioner's ministerial activities were not engaged in for profit and that his expenses related to those activities are not deductible under section 162 or section 183 (given that petitioners had no income from these activities for 2000 or 2001).[4]  See Luellen v. Commissioner, T.C. Memo. 1994-449; Anderson v. Commissioner, T.C. Memo. 1984-59.

---

[4] Of course, petitioner's failure to substantiate expenses related to his ministerial activities would also preclude deductability of those expenses.

As to the Schedule A deductions in issue, petitioners assert that they had the requisite substantiation to support their claim to those deductions, but their tax records were stolen from their storage facility. Petitioners have failed to submit credible evidence to establish either part of that assertion. In fact, the report of the law enforcement agency investigating the burglary of the location of their storage unit indicates that petitioners' storage unit was not among those burglarized.

Petitioner's handwritten breakdown of estimated mileage driven in connection with his part-time jobs and his job searching is inadequate to substantiate his mileage deduction. The documents petitioners submitted to substantiate their claim to the personal property taxes deduction are also insufficient in that not one of the documents lists 2000 or 2001 as the years in which personal property tax was paid. Nor does the student loan payment statement substantiate any claim for a student loan interest deduction for 2000 or 2001 as it provides a payment history only for 2002 to 2005. Petitioners presented no evidence at trial, documentary or otherwise, to substantiate expenses related to tuition or books or noncash charitable contributions. We sustain respondent's determination that petitioners are not entitled to deduct any of the disallowed Schedule A deductions.[5]

---

[5] While petitioners do not argue application of the rule articulated in <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930),
(continued...)

Respondent determined that petitioners are liable for accuracy-related penalties under section 6662(a) and (b)(1) for 2000 and 2001. Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to, among other things, negligence. Petitioners will avoid this accuracy-related penalty if the record shows that they were not negligent; i.e., they made a reasonable attempt to comply with the provisions of the Code, and they were not careless, reckless, or in intentional disregard of rules or regulations. See sec. 6662(c); Keeler v. Commissioner, 243 F.3d 1212, 1221 (10th Cir. 2001), affg. Leema Enters. Inc. v. Commissioner, T.C. Memo. 1999-18. Negligence connotes a lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1 (1989), affd. 925 F.2d 348 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). An accuracy-related penalty is not applicable to any portion of an underpayment to the extent that an individual has reasonable cause for that portion and acts in good faith with respect thereto. See sec. 6664(c)(1).

---

[5](...continued)
we note it does not apply to this case. Under the Cohan rule, the Court can estimate the amount of certain deductible expenses, but only if the taxpayer presents sufficient evidence to make those estimates. See id. at 543-544. Petitioners have not presented sufficient evidence for us to apply the Cohan rule.

Respondent bears the burden of production with respect to the accuracy-related penalties.  Sec. 7491(c).  In order to meet this burden of production, respondent must produce sufficient evidence that it is appropriate to impose the accuracy-related penalties.  Once respondent has done so, the burden of proof is upon petitioners.  Higbee v. Commissioner, 116 T.C. 438, 449 (2001).  Petitioners may carry their burden by proving that with respect to their underpayment there was reasonable cause and they acted in good faith.  Sec. 6664(c)(1).

Respondent has satisfied his burden of production in that the record establishes that petitioners failed to substantiate their claimed deductions.  Section 6001 imposes on petitioners a duty to maintain books and records sufficient to support items reported on their returns, and petitioners' breach of that duty is contrary to what a prudent and responsible taxpayer would have done under the circumstances.  See sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioners must now establish reasonable cause and good faith in order to escape liability for the accuracy-related penalties under section 6662(a).  Petitioners have failed to persuade us that their failure to maintain the requisite substantiation was excused by reasonable cause and good faith.  We sustain respondent's determination that petitioners are liable for the 2000 and 2001 accuracy-related penalties under section 6662(a).

We have considered all arguments made by petitioners for holdings contrary to those expressed herein and reject these arguments not discussed herein as irrelevant or without merit.

Decision will be entered under Rule 155.