T.C. Memo. 2015-127

UNITED STATES TAX COURT

SARAH GROSSNICKLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5810-14.                    Filed July 13, 2015.

Sarah Grossnickle, pro se.

<u>David A. Indek</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a $2,743 deficiency in petitioner's

2010 Federal income tax as well as additions to tax of $617.18 and $411.45

[*2] pursuant to section 6651(a)(1) and (2),[1] respectively.  In his posttrial brief

respondent concedes the section 6651(a)(2) addition to tax.  The issues remaining

for decision are:  (1) whether petitioner is entitled to various Schedule C, Profit or

Loss From Business, deductions for the taxable year 2010; (2) whether petitioner

was required to file a Federal income tax return for the taxable year 2010; and

(3) whether petitioner is liable for an addition to tax under section 6651(a)(1).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of

facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in Maryland at the time she filed her petition.  Petitioner

was over the age of 65 in the taxable year 2010.

During the taxable year 2010 petitioner conducted business as an

independent real estate agent associated with RE/MAX Realty Group (RE/MAX).

RE/MAX provided petitioner with shared office space that included telephone and

Internet service.

Petitioner was issued a Form 1099-MISC, Miscellaneous Income, for 2010

reporting $17,409 of nonemployee compensation from RE/MAX.  Of this amount

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year at issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

[*3] RE/MAX withheld $10,122 to cover expenses petitioner incurred as a real estate agent. In the stipulation of facts respondent concedes that petitioner is entitled to deduct business expenses of $10,122 that RE/MAX withheld from petitioner in the taxable year 2010. As discussed infra, petitioner claims deductions for additional professional fees and expenses incurred in 2010, some of which respondent has conceded.

Petitioner did not file a Federal income tax return for the taxable year 2010, alleging that she did not have enough gross income to have a filing requirement. On December 9, 2013, respondent issued to petitioner a notice of deficiency for the taxable year 2010.

After trial on May 4, 2015, petitioner filed a motion to supplement the record to allow the introduction of petitioner's Exhibits 9-P, 10-P, and 11-P. We will grant petitioner's motion but note that this evidence has only a small effect on the outcome.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend, and the evidence does not establish, that the

[*4] burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

A. Petitioner's Claimed Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires the taxpayer to maintain records sufficient to establish the amount of each deduction claimed. See also sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". See Boyd v. Commissioner, 122 T.C. 305, 313 (2004). A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471-472 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, section 262(a) disallows deductions for personal, living, or family expenses.

**[\*5]**   If the taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, section 274 overrides the Cohan rule with regard to certain expenses.  See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Under section 274(d), the taxpayer must meet stricter substantiation requirements to be allowed a deduction under section 162.  The heightened substantiation requirements of section 274(d) apply to:  (1) any traveling expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) an expense for gifts; or (4) the use of "listed property" as defined in section 280F(d)(4), including any passenger automobiles.  To deduct these expenses, the taxpayer must substantiate by adequate records or by sufficient

[*6] evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Sec. 274(d); see also Oswandel v. Commissioner, T.C. Memo. 2007-183, 2007 Tax Ct. Memo LEXIS 185, at *7. Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

1. Professional and Licensing Fees

In the stipulation of facts respondent concedes that petitioner is entitled to deduct $489.64 for annual professional and licensing fees paid in 2010. In addition to respondent's concessions, petitioner contends that she is entitled to a deduction of $654 for professional and licensing fees for 2010, including: (1) $564 for realtor association dues and (2) $90 for a real estate license fee. Respondent argues that petitioner has not adequately substantiated that either of these expenses was paid and/or incurred in 2010.[2]

---

[2]In the stipulation of facts respondent concedes that petitioner is entitled to deduct promotion, advertising, and listing expenses of $1,770.50 and professional education expenses of $229 for 2010. In his posttrial brief respondent concedes that petitioner is entitled to deduct additional promotion, advertising, and listing expenses of $169.39 and additional professional education expenses of $14 for 2010.

[*7]  Petitioner has sufficiently substantiated that she paid the disputed realtor association dues and licensing fees for 2010.  To substantiate her realtor association dues, petitioner provided an itemized invoice with a receipt from the Frederick County Association of Realtors showing that $564 was due for 2010.[3]  This receipt substantiates that petitioner paid $564 for local, State, and national realtor association dues using a Visa credit card.  However, the "Tax Information" at the bottom of this invoice states that $127[4] of this amount is nondeductible for Federal income tax purposes.  Thus, petitioner is entitled to a $437 deduction for realtor association dues for 2010.

To substantiate the payment of her real estate license fee, petitioner submitted a money order receipt from the U.S. Postal Service showing that $90 was payable to the "Real Estate Commission" on November 18, 2010.  Accordingly, petitioner is entitled to a deduction of $90 for the cost of her real estate license fee for 2010.

---

[3]The invoice indicates that petitioner paid $544 for her 2010 local, State, and national realtor association dues and a voluntary $20 "RPAC" contribution.

[4]The invoice states that the nondeductible portion of local association dues is $11; the nondeductible portion of State association dues is $70; and the nondeductible portion of national association dues is $26.  In addition, the invoice states that all "RPAC" contributions are nondeductible.

**[*8]**   2.  Home Office Space, Supplies, and Equipment

In his posttrial brief respondent concedes that petitioner is entitled to deduct $395.26 for office supplies and equipment expenses paid in 2010.  Petitioner contends that she is also entitled to a home office expense deduction of $470.40 for 2010.  At trial petitioner testified that she rented from her sister approximately 500 square feet of living space for $350 per month and dedicated "50 square feet to about 100 square feet" of this rented space to her real estate business.  Petitioner estimates that she is entitled to a home office expense deduction of $39.20 per month for 2010.  Respondent argues that petitioner has not provided sufficient information about the home office to substantiate the expense.

As a general rule, section 280A(a) provides that no deduction otherwise allowable to an individual "shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."  The term "dwelling unit" is defined as "a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit."  Sec. 280A(f)(1)(A).  However, section 280A(c) contains an exception to the general disallowance of subsection (a).  In pertinent part, section 280A(c)(1) provides:

[*9]         SEC. 280A(c).  Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.--

                (1)  Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--

                        (A) as the principal place of business for any trade or business of the taxpayer,

                        (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or

                        (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.

For an expense related to a dwelling unit to fit within this exception, some portion of the dwelling unit must be used regularly and exclusively for the taxpayer's trade or business.  See Scully v. Commissioner, T.C. Memo. 2013-229, at *21.

Petitioner has failed to demonstrate that any portion of the dwelling unit was regularly and exclusively used for business purposes in 2010.  Petitioner testified at trial that she rented approximately 500 square feet of living space from her sister for $350 per month.  According to petitioner, "50 square feet to about 100 square feet" of this space was dedicated to her real estate business.  As support petitioner offered into evidence two Google "aerial view" photographs of

[*10] a residential structure with handwritten notations. Petitioner did not produce any documentation, receipts, or canceled checks to substantiate the rental arrangement. Furthermore, petitioner did not offer sufficient evidence to prove that the 50 to 100 square feet of purported office space was regularly and exclusively used for her real estate business. Because petitioner has not proven that she rented a dwelling unit or that a portion of it was regularly and exclusively used for business purposes, we cannot allow her any deduction attributable to a home office.

### 3. Phone and Internet Expenses

In his posttrial brief respondent concedes that petitioner is entitled to deduct $931.75 for communication expenses and $20.50 for a miscellaneous expense for 2010. Petitioner contends that she is entitled to additional deductions for various phone and Internet expenses incurred in carrying on her real estate business in 2010, including: (1) $107 to Verizon Wireless in March 2010 for business phone/Internet; (2) $315 to Verizon Wireless for three months of estimated business phone expenses; and (3) $360 to her sister, consisting of $30 per month for Internet use in the purported home office. Respondent argues that petitioner has not substantiated any of these expenses.

**[*11]** Petitioner has failed to demonstrate that she incurred and/or paid any of the claimed phone and Internet expenses for 2010. To substantiate the first phone/Internet expense petitioner offered into evidence a Verizon Wireless bill providing that $107 was due on the account by March 1, 2010. However, petitioner did not provide any documentation, receipts, or corresponding credit card charges to substantiate that this bill was paid or that it was for business purposes. Additionally, petitioner did not offer any documentation to substantiate that she incurred or paid $315 for a business phone expense in 2010.

Petitioner also testified that she paid her sister $30 per month for Internet access to "research, upload, download, and update listings, and email clients." However, petitioner did not provide any documentation, bills, or receipts to show that she incurred or paid this expense. Accordingly, we conclude that petitioner has failed to substantiate the claimed phone and Internet expenses in excess of the amounts already allowed by respondent.

4. Business Mileage

Petitioner argues that she is entitled to a $1,040 deduction for car and truck expenses resulting from mileage driven during her real estate activities in 2010. Petitioner contends that she lost her original mileage calendar "during her move in November and December of 2014". Thus, to substantiate her claimed mileage

[*12] petitioner offered into evidence at trial a typewritten statement that showed only total business miles and the total dollar amount claimed. According to petitioner, this statement provides "[e]xtremely conservative estimate[s]" and a "guesstimat[e]" of miles she drove (1) from her home to RE/MAX and (2) while "showing properties." Respondent argues that petitioner has not substantiated any of her claimed business mileage for 2010.

Petitioner's claimed mileage is subject to the heightened substantiation requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(i). As applicable to vehicle expenses, section 274(d) requires the taxpayer to substantiate by adequate records: (1) the mileage; (2) the time and place of the use; and (3) the business purpose of the use. See Solomon v. Commissioner, T.C. Memo. 2011-91, 2011 Tax Ct. Memo LEXIS 90, at *8. Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A log that is kept on a weekly basis is considered contemporaneous for this purpose. See sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018

[*13] (Nov. 6, 1985).  The level of detail required for substantiating by adequate records the business use of listed property depends on the facts and circumstances of such use.  See id. subdiv. (ii)(C), 50 Fed. Reg. 46018-46019.  The typewritten statement that petitioner offered at trial for 2010 is insufficient substantiation under the requirements of section 274(d).

In her posttrial submission petitioner offered a more detailed log that was prepared after the trial.  However, the source of this information and petitioner's methodology in its preparation are not adequately explained, and the log does not rise to the level of credibility of a contemporaneous record.  Accordingly, petitioner is not entitled to any deduction for car and truck expenses for 2010.[5]

B.  Filing Requirement

Petitioner contends that she was not required to file a 2010 Federal income tax return.  Petitioner's position appears to be that her "profit or gain" from her real estate activities (i.e., nonemployee compensation of $17,409 minus claimed trade or business expenses) does not equal or exceed the filing threshold provided

---

[5]As previously held, petitioner did not substantiate that she maintained a home office in 2010.  For this reason, any mileage claimed by petitioner for travel between her residence and the RE/MAX office is nondeductible commuting mileage.  See Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Curphey v. Commissioner, 73 T.C. 766, 777 (1980).

**[*14]** for in section 6012.  Respondent argues that petitioner was required to file an income tax return for tax year 2010.

The Code imposes a Federal tax on the taxable income of every individual. Sec. 1.  Gross income for the purpose of calculating taxable income is defined as "all income from whatever source derived".  Sec. 61(a).  Every U.S. resident individual having for the taxable year gross income which equals or exceeds the exemption amount is--with enumerated exceptions not applicable here--required to file an income tax return.  Sec. 6012(a)(1)(A).  For 2010 the exemption amount for a single individual age 65 or older is $10,750.  See secs. 63(c), (f), 151(d); see also IRS Publication 501, Exemptions, Standard Deduction, and Filing Information (For use in preparing 2010 Returns).

There is no dispute that petitioner worked as a real estate agent in 2010 and earned nonemployee compensation of $17,409 from RE/MAX.  RE/MAX issued to petitioner a Form 1099-MISC reporting this amount.  It is well settled that amounts received by a taxpayer in the form of nonemployee compensation are includable in gross income.  See Walbaum v. Commissioner, T.C. Memo. 2013-

**[*15]** 173, at *3-*4.  Accordingly, $17,409 is includable in petitioner's gross income, and therefore she was required to file a 2010 income tax return.[6]

C.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for the failure to timely file a return unless the taxpayer establishes that the failure was due to reasonable cause and not due to willful neglect.  The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% in the aggregate.  Id.  Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of an individual for any penalty or addition to tax.  The Commissioner may meet this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

As discussed above, petitioner was required to file a Federal income tax return for 2010.  Because the parties have stipulated that petitioner did not file a tax return for 2010, respondent has met his burden of production.

---

[6]In addition, sec. 6017 imposes a filing requirement on any individual who has net self-employment earnings of $400 or more.  Petitioner's net self-employment earnings for 2010 exceed this amount.

[*16] Additionally, petitioner has not offered any documentary or testimonial evidence to establish that her failure to file a tax return was due to reasonable cause and not due to willful neglect. See sec. 6651(a)(1). Petitioner contends that she had a "reasonable belief" that she was not required to file a tax return for 2010 because her expenses from real estate exceeded her income. However, an uninformed or unsupported belief does not constitute reasonable cause for the failure to file a return. Henningsen v. Commissioner, 243 F.2d 954, 958-959 (4th Cir. 1957), aff'g 26 T.C. 528 (1956). Accordingly, we sustain respondent's determination of the section 6651(a)(1) addition to tax but note that, because of our previous holdings and several concessions by the parties, respondent's original section 6651(a)(1) addition to tax computations in the notice of deficiency must be adjusted to reflect those changes.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered
under Rule 155.