T.C. Memo. 2018-58

UNITED STATES TAX COURT

TARA PATRICE MOORE AND DAVID MOORE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 740-17.                          Filed April 30, 2018.

Tara Patrice Moore and David Moore, pro sese.

Richard L. Wooldridge, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  The Commissioner determined deficiencies in petitioners'

Federal income tax and accuracy-related penalties under section 6662(a) as

follows:[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

**[*2]**

| Year | Deficiency | Accuracy-related penalty sec. 6662(a) |
|------|------------|---------------------------------------|
| 2013 | $8,634 | $1,726.80 |
| 2014 | 12,752 | 2,209.80 |
| 2015 | 12,711 | 2,516.20 |

After concessions by the parties,[2] the issues remaining for decision are: (1) whether petitioners are entitled to various deductions claimed on Schedules C, Profit or Loss From Business, for 2013, 2014, and 2015; (2) whether petitioners are entitled to noncash charitable contribution deductions of $20,590, $11,372, and $21,566 for 2013, 2014, and 2015, respectively; and (3) whether petitioners are liable for accuracy-related penalties for 2013, 2014, and 2015.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Ohio when they filed their petition.

---

[1](...continued)
Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties stipulated that petitioners: (1) failed to report cancellation of indebtedness income of $3,070 and $671 for 2013 and 2014, respectively; (2) failed to report wages of $25 and $1,260 for 2014 and 2015, respectively; and (3) failed to report retirement income of $7,304 for 2014.

The parties further stipulated that petitioners did not receive wages of $2,520 from the Lakota School District in 2014.

**[*3]** During the years in issue petitioner wife taught classes as a part-time online instructor at Dunlap-Stone University. She testified that she did not have a profit motive for teaching these classes. Petitioner wife derived gross income from her teaching activity of $6,375, $7,005, and $7,005 in 2013, 2014, and 2015, respectively. During the years in issue petitioner wife was also employed by General Electric (GE).

Petitioners timely filed Federal income tax returns for 2013, 2014, and 2015. Petitioners claimed various Schedule C deductions, which they attributed to petitioner wife's teaching activity. They claimed Schedule C deductions of $13,911, $26,381, and $23,800 for 2013, 2014, and 2015, respectively. The claimed Schedule C deductions resulted in petitioners' claiming net losses for the teaching activity of $7,536, $19,376, and $16,795 for 2013, 2014, and 2015, respectively. Petitioners also claimed deductions for noncash charitable contributions of $20,590, $11,372, and $21,566 for 2013, 2014, and 2015, respectively. All of the claimed charitable deductions were for items contributed to Goodwill Industries (Goodwill) except for a single contribution to Dress for Success Cincinnati (Dress for Success) in 2014. The parties stipulated that petitioners do not have reliable written records for the noncash contributions.

**[\*4]**  The Commissioner selected petitioners' returns for examination.  Internal Revenue Agent Vanessa Sanders was assigned to examine petitioners' returns. She disallowed almost all of petitioners' claimed Schedule C expense deductions and all of their claimed noncash charitable contribution deductions.[3]  Agent Sanders' immediate supervisor, Acting Group Manager Beth A. Hagley, personally approved the imposition of the section 6662(a) penalties in writing.  On October 4, 2016, the Commissioner issued petitioners a notice of deficiency. Petitioners timely filed a petition with this Court.

## OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that they are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioners do not contend, and the evidence does not establish that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

## I.  Petitioners' Claimed Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO,

---

[3]The only claimed Schedule C expense deductions allowed by the Commissioner were amounts for depreciation of $50, $29, and $103 for 2013, 2014, and 2015, respectively.

[*5] Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice. Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires the taxpayer to maintain records sufficient to establish the amount of each deduction claimed. See also sec. 1.6001-1(a), Income Tax Regs.

A.  Schedule C Deductions

A taxpayer may not fully deduct expenses regarding an activity under section 162 or 212 if the activity is not engaged in for profit. Sec. 183(a), (c); see also Keanini v. Commissioner, 94 T.C. 41, 45 (1990). Pursuant to section 183(a), if an activity is not engaged in for profit, no deduction attributable to the activity is allowed except to the extent provided by section 183(b). In relevant part, section 183(b) allows deductions that would have been allowable had the activity been engaged in for profit but only to the extent of the gross income derived from the activity (reduced by deductions attributable to the activity that are allowable without regard to whether the activity was engaged in for profit). Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212."

Petitioner wife testified that she did not have a profit motive for her teaching activity. Accordingly, pursuant to section 183(b)(2), any deductions that

**[\*6]** petitioners may be entitled to related to petitioner wife's teaching activity are limited to the extent of the gross income derived from the activity.

Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". See Boyd v. Commissioner, 122 T.C. 305, 313 (2004). A trade or business expense is ordinary for the purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate or helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471-472 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, section 262(a) disallows deductions for personal, living, or family expenses.

If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

[*7]   However, section 274 overrides the Cohan rule with regard to certain expenses.  See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Under section 274(d), the taxpayer must meet stricter substantiation requirements to be allowed a deduction under section 162.  The heightened substantiation requirements of section 274(d) apply to:  (1) any traveling expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) an expense for gifts; or (4) the use of "listed property" as defined in section 280F(d)(4), including any passenger automobiles.  To deduct these expenses, the taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense.  Sec. 274(d); see also Oswandel v. Commissioner, T.C. Memo. 2007-183, 2007 Tax Ct. Memo LEXIS 185, at *7.  Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation.  Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

**[\*8]**        1. <u>Meals and Entertainment Expenses</u>

Petitioners reported meals and entertainment expenses of $85 and $100 for 2013 and 2014, respectively. The only evidence of these expenses in the record is receipts for meals purchased in 2013 during trips to Rockford, Illinois, and East Lansing, Michigan.

Petitioner wife seems to have testified that she traveled to Rockford for a seminar related to her teaching activity, and she submitted a vehicle mileage log that states that she was there for a seminar. However, petitioners also submitted a "Report of Interview Travel Expense" to Hamilton Sundstrand for expenses that petitioner wife incurred during the same period as the seminar. Petitioner wife testified that she went to Rockford for the seminar but she had a job interview in Rockford and was reimbursed for some expenses. The record is void of any documentation proving that petitioner wife attended the seminar.

Petitioner wife testified that she traveled to East Lansing for training, and she submitted a mileage log that states that she was there for training. Petitioner wife submitted an expense report for this same trip to GE. She testified that she probably put these expenses on her GE credit card that she uses for business expenses but that she processed the expenses as personal expenses. However, the report states that none of the expenses were personal. Further, the report states

[*9] that the purpose of the trip was to attend a Michigan State University diversity career fair. Petitioner wife testified that she attended the diversity career fair but attended training there. However, she has not produced documentation of the training.

Petitioners have not demonstrated that petitioner wife paid all of the meals and entertainment expenses that they reported. For the expenses that they can demonstrate petitioner wife did actually pay, they have not shown a business purpose and they did not comply with the heightened substantiation requirements. Accordingly, we conclude that petitioners are not entitled to any deductions for meals and entertainment expenses for 2013 or 2014.

### 2. Car and Truck Expenses

Petitioners reported car and truck expenses of $7,371, $10,405, and $13,842 for 2013, 2014, and 2015, respectively. To substantiate the car and truck expenses, petitioners submitted a mileage log, various receipts, and vehicle maintenance bills. Petitioner wife testified that some of the miles accounted for in the log are actually miles that she traveled through air travel and not in her vehicle. On Schedules C of their 2013 and 2014 tax returns, petitioners checked the "[n]o" box to the question of whether they had evidence to support their vehicle expense deductions.

[*10] Petitioners' car and truck expense deductions are subject to the heightened substantiation requirements of section 274(d).  See secs. 274(d)(4), 280F(d)(4)(A)(i).  As applicable to vehicle expenses, section 274(d) requires the taxpayer to substantiate by adequate records:  (1) the mileage; (2) the time and place of use; and (3) the business purpose of the use.  See Solomon v. Commissioner, T.C. Memo. 2011-91, 2011 Tax Ct. Memo LEXIS 90, at *8. Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures.  See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A log that is kept on a weekly basis is considered contemporaneous for this purpose.  See sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985).  The level of detail required for substantiating by adequate records the business use of listed property depends on the facts and circumstances of such use.  See id. subdiv. (ii)(C), 50 Fed. Reg. 46018-46019.

The mileage log that petitioners submitted is not entirely accurate. Additionally, with respect to the miles that petitioner wife actually drove, it is

[*11] unclear whether the log was prepared contemporaneously because petitioners indicated on their 2013 and 2014 tax returns that they did not have evidence to support the miles that they drove. The documentation that petitioners provided does not meet the heightened substantiation requirements. Accordingly, petitioners are not entitled to any deductions for car and truck expenses for 2013, 2014, or 2015.

### 3. Legal and Professional Services Expenses

Petitioners reported legal and professional services expenses of $525, $660, and $700 for 2013, 2014, and 2015, respectively. Petitioners appear to have reported hair salon expenses as professional services expenses for 2013 and 2014. These expenses are clearly personal. Petitioners have not provided any testimony or substantiating documentation for any of the other expenses. Accordingly, petitioners are not entitled to any deductions for legal and professional services expenses for 2013, 2014, or 2015.

### 4. Supplies Expenses

Petitioners reported supplies expenses of $2,260, $2,300, and $3,140 for 2013, 2014, and 2015, respectively. It is not clear what expenses petitioners are reporting as supplies expenses. They submitted a receipt without a price for batteries purchased in 2014 and a printed receipt with a handwritten price for two

**[*12]** iPhone cases purchased in 2015.  Petitioners have not established a business purpose for these purchases.  Petitioners have not provided any testimony or substantiating documentation for any other supplies expenses.  Accordingly, petitioners are not entitled to any deductions for supplies expenses for 2013, 2014, or 2015.

### 5.  Office Expenses

Petitioners reported office expenses of $870, $2,319, and $1,025 for 2013, 2014, and 2015, respectively.  Petitioners have not provided any testimony or substantiating documentation for these expenses.  Accordingly, petitioners are not entitled to any deductions for office expenses for 2013, 2014, or 2015.

### 6.  Other Expenses

Petitioners reported other expenses of $1,750, $8,786, and $1,100 for 2013, 2014, and 2015, respectively.  They attributed the expenses to internet provider fees, printing and faxing, membership dues for professional associations, and a section 465(d) carryover loss.  Petitioners have not provided any testimony or substantiating documentation for these expenses.  Accordingly, petitioners are not entitled to any deductions for other expenses for 2013, 2014, or 2015.

**[\*13]**        7.  <u>Repairs and Maintenance Expenses</u>

Petitioners reported repairs and maintenance expenses of $1,000, $500, and $750 for 2013, 2014, and 2015, respectively.  Petitioners have not provided any testimony or substantiating documentation for these expenses.  Accordingly, petitioners are not entitled to any deductions for repairs and maintenance expenses for 2013, 2014, or 2015.

8.  <u>Utilities Expenses</u>

Petitioners reported utilities expenses of $1,282 and $3,140 for 2014 and 2015, respectively.  Petitioners have not provided any testimony or substantiating documentation for these expenses.  Accordingly, petitioners are not entitled to any deductions for utilities expenses for 2014 or 2015.

B.  <u>Noncash Charitable Contribution Deductions</u>

Generally, section 170(a) allows a deduction for any charitable contribution made by the taxpayer during the taxable year.  If a taxpayer makes a charitable contribution of property other than money (noncash), the amount of the contribution is generally equal to the fair market value of the property at the time of the contribution.  <u>See</u> sec. 1.170A-1(c)(1), Income Tax Regs.  The nature of the required substantiation depends on the size of the contribution and on whether it is a cash or noncash gift.

**[\*14]** Under section 1.170A-13(b)(1), Income Tax Regs., a taxpayer is required to substantiate each noncash contribution with a receipt from the donee organization unless doing so is impractical. The donee receipt must contain: (1) the name of the donee organization; (2) the date and location of the contribution; and (3) a description of the property in detail reasonably sufficient under the circumstances. Id. A taxpayer who lacks a receipt is required to keep reliable written records containing among other things: (1) the name and address of the donee organization to which the contribution was made; (2) the date and location of the contribution; (3) a description of the property in detail reasonable under the circumstances (including the value of the property); and (4) the fair market value of the property at the time the contribution was made and the method used to determine fair market value. Id. subpara. (2)(ii); see also Van Dusen v. Commissioner, 136 T.C. 515, 532 (2011).

It is clear that petitioners made noncash charitable contributions to Goodwill and Dress for Success, as evidenced by donation receipts. However, the receipts do not contain descriptions of the donated items. Petitioners would still be able to substantiate the noncash contributions had they kept reliable written

[*15] records of the contributions, but they stipulated that they failed to do so.[4]

They therefore have not substantiated the noncash contributions. Accordingly,

petitioners are not entitled to any noncash charitable contribution deductions for

2013, 2014, or 2015.

## II. Section 6662(a) Accuracy-Related Penalties

Section 6662(a) imposes a penalty of 20% on the portion of an

underpayment attributable to any one of various factors, including "[n]egligence

or disregard of rules or regulations" and "[a]ny substantial understatement of

income tax." Sec. 6662(a) and (b)(1) and (2). Only one section 6662 accuracy-

related penalty may be imposed with respect to any given portion of an

underpayment, even if that portion is attributable to more than one type of conduct

listed in section 6662(b). See New Phoenix Sunrise Corp. v. Commissioner, 132

T.C. 161, 187 (2009), aff'd, 408 F. App'x 908 (6th Cir. 2010); sec. 1.6662-2(c),

Income Tax Regs. Under section 7491(c), the Commissioner bears the burden of

production with respect to any liability of any individual for any penalty. See

Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner has

met his burden of production, the burden of proof remains with the taxpayer,

---

[4]The stipulation states: "Petitioners do not have reliable written records, as defined in Treas. Reg. § 1.170A-13(b)(2)(ii), for the property allegedly donated for any of the taxable years at issue."

**[\*16]** including the burden of proving that the penalties are inappropriate.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Compliance with section 6751(b)(1) is part of the Commissioner's burden of production for those penalties to which the section applies.  See Graev v. Commissioner 149 T.C. __, __ (slip op. at 13-14) (Dec. 20, 2017), supplementing 147 T.C. 460 (2016).  Section 6751(b)(1) provides, subject to certain exceptions, that no penalty shall be assessed unless the initial determination of such assessment is personally approved in writing by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.  The section 6662(a) accuracy-related penalties were properly approved as required by section 6751(b)(1), and respondent has proven sufficient facts to satisfy the burden of production as to that issue.

Negligence includes any failure to make a reasonable attempt to comply with the internal revenue laws and the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances.  Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioners exhibited a lack of due care by failing to

[*17] substantiate their Schedule C expenses and noncash charitable contributions. Thus, respondent has met his burden of production with respect to the section 6662(a) penalties for negligence.[5]

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith.  Sec. 6664(c)(1).  Petitioners have not adequately explained their failure to properly substantiate their Schedule C expenses and noncash charitable contributions.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[5]The sec. 6662(a) accuracy-related penalties are based on the amounts of any underpayments of tax, which will be determined in a Rule 155 computation.